IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


| | | |
|---|---|---|
| LAWRENCE J. STAUNTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 3535 |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |


## OPINION AND ORDER


Plaintiff Lawrence Staunton was employed as a hoisting
engineer in defendant City of Chicago's Department of Streets and
Sanitation.  A hoisting engineer drives heavy equipment to and
from job sites and operates and maintains a crane for lifting
heavy materials.  It requires frequent carrying of items up to
35 pounds and occasional lifting of items up to 100 pounds.  On
February 9, 1996, plaintiff suffered an injury while on the job.
By March 1, 1996, he was cleared to return to work but without
lifting more than 30 pounds and with no repeated bending,
stooping, jerking, and twisting.  Plaintiff, did not return, and
never actually performed further work.  The City contends he was
discharged effective March 9, 1996.  Plaintiff contends he was
not informed he was discharged and that, for years, the City

continued to indicate he was employed but in some form of inactive duty. Plaintiff contends it was not until 2001 that he first learned he was discharged and it was not until 2005 that he learned the City could have accommodated him by placing him in a position he could physically handle. In 2005, plaintiff filed a claim with the EEOC alleging he had not received an accommodation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. The present lawsuit followed.

Defendant moves for summary judgment. It contends this lawsuit is untimely and that plaintiff has waived certain contentions. It also contends plaintiff cannot show he was an employee covered by the ADA at pertinent times. On the merits, defendant contends plaintiff cannot show he is a person with a disability covered by the ADA, that pertinent decisionmakers were aware he was disabled, or that there was an available accommodation that plaintiff was denied.

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant. Crawford v. Metropolitan Gov't of Nashville & Davidson County, Tenn., 129 S. Ct. 846, 849 (2009); Lewis v. CITGO Petroleum Corp., 561 F.3d 698, 702 (7th Cir.), cert. denied, 130 S. Ct. 698 (2009); Freeland v. Enodis Corp., 540 F.3d 721, 737 (7th Cir. 2008). The burden of establishing a lack of

any genuine issue of material fact rests on the movant. <u>Delta Consulting Group, Inc. v. R. Randle Constr., Inc.</u>, 554 F.3d 1133, 1137 (7th Cir. 2009); <u>Hicks v. Midwest Transit, Inc.</u>, 500 F.3d 647, 651 (7th Cir. 2007); <u>Creditor's Comm. of Jumer's Castle Lodge, Inc. v. Jumer</u>, 472 F.3d 943, 946 (7th Cir. 2007); <u>Outlaw v. Newkirk</u>, 259 F.3d 833, 837 (7th Cir. 2001). The nonmovant, however, must make a showing sufficient to establish any essential element for which he will bear the burden of proof at trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>National Athletic Sportswear, Inc. v. Westfield Ins. Co.</u>, 528 F.3d 508, 512 (7th Cir. 2008); <u>Hicks</u>, 500 F.3d at 651. The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. <u>Celotex</u>, 477 U.S. at 324; <u>Freundt v. Allied Tube & Conduit Corp.</u>, 2007 WL 4219417 *2 (N.D. Ill. Nov. 29, 2007); <u>O'Brien v. Encotech Constr.</u>, 2004 WL 609798 *1 (N.D. Ill. March 23, 2004). Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. <u>See</u> <u>Lorillard Tobacco Co. v. A & E Oil, Inc.</u>, 503 F.3d 588, 594-95 (7th Cir. 2007); <u>Yasak v. Retirement Bd. of Policemen's Annuity & Benefit Fund of Chicago</u>, 357 F.3d 677, 679 (7th Cir. 2004); <u>NLFC, Inc. v. Devcom Mid-America, Inc.</u>, 45 F.3d 231, 236 (7th Cir. 1995); <u>Covalt v. Carey Canada, Inc.</u>, 950 F.2d 481, 485 (7th Cir. 1991); <u>Collins v. Associated Pathologists, Ltd.</u>, 844

F.2d 473, 476-77 (7th Cir. 1988); <u>Freundt</u>, 2007 WL 4219417 at *2.

As the Seventh Circuit has summarized:

> The party moving for summary judgment
> carries the initial burden of production to
> identify "those portions of the pleadings,
> depositions, answers to interrogatories, and
> admissions on file, together with the affidavits,
> if any, which it believes demonstrate the absence
> of a genuine issue of material fact." <u>Logan v.
> Commercial Union Ins. Co.</u>, 96 F.3d 971, 978 (7th
> Cir. 1996) (citing <u>Celotex Corp. v. Catrett</u>,
> 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d
> 265 (1986) (citation and internal quotation
> omitted)).  The moving party may discharge this
> burden by "'showing'--that is, pointing out to
> the district court--that there is an absence of
> evidence to support the nonmoving party's case."
> <u>Celotex</u>, 477 U.S. at 325, 106 S. Ct. 2548.  Once
> the moving party satisfies this burden, the
> nonmovant must "set forth specific facts showing
> that there is a genuine issue for trial."  Fed.
> R. Civ. P. 56(e).  "The nonmovant must do
> more, however, than demonstrate some factual
> disagreement between the parties; the issue
> must be 'material.'"  <u>Logan</u>, 96 F.3d at 978.
> "Irrelevant or unnecessary facts do not preclude
> summary judgment even when they are in dispute."
> <u>Id.</u> (citation omitted).  In determining whether
> the nonmovant has identified a "material" issue
> of fact for trial, we are guided by the
> applicable substantive law; "[o]nly disputes that
> could affect the outcome of the suit under
> governing law will properly preclude the entry of
> summary judgment." <u>McGinn v. Burlington Northern
> R.R. Co.</u>, 102 F.3d 295, 298 (7th Cir. 1996)
> (citation omitted).  Furthermore, a factual
> dispute is "genuine" for summary judgment
> purposes only when there is "sufficient evidence
> favoring the nonmoving party for a jury to return
> a verdict for that party." <u>Anderson v. Liberty
> Lobby, Inc.</u>, 477 U.S. 242, 249, 106 S. Ct. 2505,
> 91 L. Ed. 2d 202 (1986).  Hence, a "metaphysical
> doubt" regarding the existence of a genuine fact
> issue is not enough to stave off summary
> judgment, and "the nonmovant fails to demonstrate

> a genuine issue for trial 'where the record taken
> as a whole could not lead a rational trier of
> fact to find for the non-moving party . . . .'"
> Logan, 96 F.3d at 978 (quoting Matsushita Elec.
> Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S.
> 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538
> (1986)).

Outlaw, 259 F.3d at 837.

It is doubtful that plaintiff's lawsuit was brought in a timely manner. However, it is clear that plaintiff has failed to point to sufficient evidence supporting that he is a person with a disability or that he was denied an available accommodation. Either of the latter two is a sufficient basis for granting defendant's motion for summary judgment. Only those two issues will be addressed.

In order to succeed on his accommodation claim, plaintiff must show: "(1) [he] is a qualified individual with a disability; (2) the employer was aware of [his] disability; and (3) the employer failed to reasonably accommodate the disability." Mobley v. Allstate Ins. Co., 531 F.3d 539, 545 (7th Cir. 2008). Since, at trial, the burden would be on plaintiff to prove each of these elements and defendant has met its summary judgment burden of sufficiently raising an issue as to each element, plaintiff must respond by pointing to evidence sufficient to establish each of these elements. Celotex, 477 U.S. at 322;

National Athletic Sportswear, 528 F.3d at 512; Hicks, 500 F.3d at 651.

Plaintiff contends the third element is clearly satisfied because defendant concedes that it never offered plaintiff alternative employment. That, however, is not enough to satisfy the third element. Plaintiff also bears the ultimate burden of showing that there existed a reasonable accommodation that the City could have made. Mays v. Principi, 301 F.3d 866, 870-71 (7th Cir. 2002). In the present type of situation, where there was no discussion of an accommodation, the employer must initially meet a production burden that no accommodation was available. See id. Defendant has done so by presenting evidence that certain positions identified by plaintiff during discovery were not available and by pointing to provisions of the applicable collective bargaining agreement regarding how positions were to be filled. Plaintiff has not responded by pointing to evidence supporting a genuine factual dispute that there were alternative positions that he could perform. Since the third element is not satisfied, defendant is entitled to summary judgment.

Defendant would also be entitled to summary judgment based on the first element. "A 'qualified individual with a disability' is a person 'who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.'"

Darnell v. Thermafiber, Inc., 417 F.3d 657, 659-60 (7th Cir.
2005) (quoting 42 U.S.C. § 12111(8)). "Disability" is defined as
"a physical or mental impairment that substantially limits one or
more of the major life activities of such individual." Mack v.
Great Dane Trailers, 308 F.3d 776, 780 (7th Cir. 2002) (quoting
42 U.S.C. § 12102(2)(A)). "'Major Life Activities means
functions such as caring for oneself, performing manual tasks,
walking, seeing, hearing, speaking, breathing, learning, and
working.' 29 C.F.R. § 1630.2(i). Although this list does not
purport to be exclusive, the items on the list have several
things in common with each other . . . . Most importantly, the
listed activities are so important to everyday life that almost
anyone would consider himself limited in a material way if he
could not perform them." Winsley v. Cook County, 563 F.3d 598,
603 (7th Cir. 2009). See also id. at 603 n.2 (the EEOC
regulation that is quoted is not necessarily entitled to
deference, but it is an accurate statement of Congressional
intent). Since plaintiff's claim is lack of a reasonable
accommodation, he must show that he had an actual disability.
Unlike other types of ADA claims, plaintiff cannot rely on being
perceived by his employer as having a disability even if he
actually was not disabled. See Kaplan v. North Las Vegas,
323 F.3d 1226, 1231-33 (9th Cir. 2003); Weber v. Strippit, Inc.,
186 F.3d 907, 916-17 (8th Cir. 1999); Workman v. Frito-Lay, Inc.,

165 F.3d 460, 467 (6th Cir. 1999); <u>Newberry v. East Tex. State Univ.</u>, 161 F.3d 276, 280 (5th Cir. 1998). <u>But see</u> <u>D'Angelo v. ConAgra Foods, Inc.</u>, 422 F.3d 1220, 1237-39 (11th Cir. 2005); <u>Kelly v. Metallics West, Inc.</u>, 410 F.3d 670, 675-76 (10th Cir. 2005); <u>Williams v. Philadelphia Housing Auth. Police Dep't</u>, 380 F.3d 751, 773-76 (3d Cir. 2004); <u>Katz v. City Metal Co.</u>, 87 F.3d 26, 33 (1st Cir. 1996). <u>See also</u> <u>Cigan v. Chippewa Falls Sch. Dist.</u>, 388 F.3d 331, 335-36 (7th Cir. 2004) (noting the conflict and, in <u>dictum</u>, expressing views consistent with the first set of cases).

The only evidence cited by plaintiff to support that he has a disability are two conclusory statements of Dr. Elisabeth Pulawski[1] and a report from MercyWorks Occupational Medicine Centers. The 1996 MercyWorks report supports that plaintiff had shoulder, ankle, and groin injuries. The report, however, does not refer to any major life activity being limited and, in his response to the summary judgment motion, plaintiff makes no attempt to identify the major life activity that was limited. Moreover, even if plaintiff could establish he had a disability, he also provides no evidence that, with or without an

---

[1]The conclusory statements from Dr. Pulawski, one of which she does not recall completing, are insufficient to support that plaintiff is disabled. They do not identify the disability with any specificity. Moreover, Dr. Pulawski testified at her deposition that she did not have a basis for concluding that plaintiff was disabled.

accommodation, he could perform his past position or any alternative position he seeks. Even if plaintiff could establish he is regarded as disabled and as such can support an accommodation claim, his claim would nevertheless fail for not providing evidence he could perform the work of any position.

For the foregoing reasons, plaintiff's ADA claim fails.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment [68] is granted. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff dismissing plaintiff's cause of action with prejudice.

ENTER:

William T. Hart

UNITED STATES DISTRICT JUDGE

DATED: APRIL 13, 2010